# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:        : CHAPTER 13

       :

DAVID MORGANSTERN and    : CASE NO. 5-26-bk-
JOSEPHINE C. MORGANSTERN    :
         Debtor(s)    : **  X      ORIGINAL PLAN**
       :          AMENDED PLAN
       :          (indicate 1st, 2nd , 3rd, etc )
       :   0    Number of Motions to Avoid Liens
       :   0    Number of Motions to Value
       :          Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in §9, which are not Included In the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ■ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E. which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ■ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ■ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

   A. **Plan Payments From Future Income**

        1.    To date, the Debtor paid $__0__ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total

1

Document ID: 6c1...

base plan is $ *see "Total Payments" in chart below* plus other payments and property stated in § 1B below:

| Start mm/yy | End Mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 3/2026 | 4/2026 | $ 0 | $ 0 | $ 0 | $ 0.00 |
| 5/2026 | 12/2028 | $ 135.00 | $ 0 | $ 135.00 | $ 4,320.00 |
| 1/2029 | 2/2031 | $ 1,039.00 | $ 0 | $ 1,039.00 | $ 27,014.00 |
| | | | | Total Payments: | $ 31,334.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

( X ) Debtor is over median income. Debtor estimates that a minimum of $ 31,201.80 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 15,215.96 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines:

__X__ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete 1.B.3 if applicable.*

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:_____

2

2. **SECURED CLAIMS**

   A. <u>**Pre-Confirmation Distributions.**</u> *Check one:*

       X     None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   B. <u>**Mortgages (including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.**</u> *Check one*

          None. *If this is checked, the rest of § 2.B need not be completed or reproduced.*

       X     Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **PENNYMAC LOAN SERVICES, LLC** | 362 Loder St, Sayre, PA | 9756 |

   C. <u>**Arrears (including but not limited to, claims secured by Debtor's principal residence).**</u> *Check one.*

       X    None. *If this is checked, the rest of § 2.C need not be completed or reproduced.*

   D. <u>**Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc)**</u>

       X    None. *If this is checked, the rest of § 2.D need not be completed or reproduced*

   E. <u>**Secured claims for which a §506 valuation is applicable.**</u> *Check one*

       X  None. *If this is checked, the rest of § 2.E need not be completed or reproduced.*

   F. <u>**Surrender of Collateral:**</u> *Check one*

       X  None. *If this is checked, the rest of § 2.F need not be completed or reproduced.*

          The Debtor elects to surrender to each creditor listed below the collateral

3

**G. Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens *Check one.*

   x    None. *If this is checked, the rest of § 2.G need not be completed or reproduced.*

3.  **PRIORITY CLAIMS**

  A.  **Administrative Claims**

      1.  Trustee Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2.  Attorney fees. Complete only one of the following options:
        a.  In addition to the retainer of $ 100.00 already paid by the Debtor, the amount of $ 4,900.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. The balance of fees owed to the attorney for the debtor(s) is estimated to be $ _____. This estimate is used in determining compliance with § 1322(a)(2) and feasibility under § 1325(a)(6). Additional fees may be approved under § 330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan, the debtor must seek modification under § 1329. Approved fees may reduce the distribution to general unsecured creditors, consistent with the priority scheme established in this plan.

      3.  Other Other administrative claims not included in §§3.A.1 or 3.A.2 above. *Check one:*

        x    None. *If this is checked, the rest of § 3.A.3 need not be completed or reproduced.*

  B.  **Priority Claims (including, certain Domestic Support Obligations**

    Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
| --- | --- |
| **PENNSYLVANIA DEPARTMENT OF REVENUE** | $ 800.00 (or per allowed proof of claim filed) plus interest **for a total of 937.44** to be paid in the plan |

  C.  **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines:*

    X  None. *If this is checked, the rest of § 3.C need not be completed or reproduced.*

Document ID: 6c...

## 4. UNSECURED CLAIMS

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u> Check one of the following two lines:

___X___ None. *If this is checked, the rest of § 4.A need not be completed or reproduced.*

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines:*

___X___ None. *If this is checked, the rest of § 5 need not be completed or reproduced.*

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

_____ plan confirmation.
___X___ entry of discharge.
_____ closing of case.

## 7. DISCHARGE (Check One)

( **X** ) The debtor will seek a discharge pursuant to §1328(a).

( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in §1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority, or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

5

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.  If the above Levels are not filled- in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD  PLAN PROVISIONS

*Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void.   (NOTE:  The plan and any attachment must be filed as one document, not as a plan and exhibit)*

**A.   There are no known arrears on the mortgage to Pennymac Loan Services, LLC, but if an arrears is filed in an allowed proof of claim, it will be paid in the plan.**

**B.   Allowed priority claim of the PENNSYLVANIA DEPARTMENT OF REVENUE is being paid in full with interest as indicated in section 3B above**

Dated: 03/11/2026 _____

*(signature)*

**Attorney for Debtor**

*David Morganstern*

**David Morganstern**

*Josephine C. Morganstern*

**Josephine C. Morganstern**

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

6