| | | |
|---|---|---|
| IN RE: | : | |
| DAVID MORGANSTERN, | : | |
| JOSEPHINE C. MORGANSTERN, | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | CASE NO. 4:26-BK-00656-MJC |
| Movant | : | |
| | : | |
| DAVID MORGANSTERN, | : | |
| JOSEPHINE C. MORGANSTERN, | | |
| Respondent | | |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 20th day of April 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1.     Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor(s) has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

   a. Additional home energy costs. Trustee requests verification of the amount on Line 28.
   b. Verify Line 25 claimed health insurance expense.

2.     Debtor(s)' Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor has access to non-exempt equity in the following:

   a. Residential real estate. Trustee requests proof of the value of the Debtor(s) home as stated in his/her schedules.

3.     Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

   a. Insufficient Monthly Net Income as indicated on Schedules I and J.

b. The Plan proposes unrealistic and speculative step payments, contrary to § 1325(a)(6).

4. Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:

a. Debtor(s) has not provided to Trustee pay stubs for the month(s) of new job for Debtor #1.

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of Debtor(s)' Plan.
b. Dismiss or convert Debtor(s)' case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R Roeder
Attorney for Trustee

2

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 20th day of April 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

LISA M. DORAN, ESQUIRE
69 PUBLIC SQUARE SUITE 700
WILKES-BARRE, PA 18701-

/s/Ashley Schott
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee